UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-                                                    MEMORANDUM & ORDER

                                                             02-CR-1327 (NGG)

MIGUEL CASIANO,

                    Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Mot. for Resentencing ("Def. Mot.") (Dkt. 538).) For the reasons discussed below, Defendant's motion is DENIED.

I.    BACKGROUND

On September 22, 2003, Defendant was found guilty after a nine-day trial pursuant to 21 U.S.C. §§ 841 and 846 for conspiring to possess and distribute (a) fifty grams or more of cocaine base,[1] (b) one kilogram or more of heroin, and (c) five kilograms or more of cocaine. (Ex. C at 1227-30.)[2]

Prior to sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR"), which laid out sentencing options and calculated the applicable guideline custody range under the U.S. Sentencing Guidelines ("USSG" or "Guidelines"). See Fed. R. Crim. P. 32(c). The PSR concluded that Defendant was personally responsible for 4,712 grams

---

[1] Hereinafter crack-cocaine and cocaine base will be used interchangeably. DePierre v. United States, 131 S. Ct. 2225 (2011) (holding that cocaine base is defined as cocaine in its chemically basic form, and crack-cocaine is a type of cocaine base).

[2] All citations in the form "Ex. ___" refer to the exhibits attached to the Government's Memorandum in Opposition, filed January 1, 2014 ("Gov't Opp'n"). (Dkt. 547.)

1

of heroin and 500 grams of cocaine. (Ex. D at 33-34, 37 (filed under seal).) Pursuant to the Guidelines' Drug Equivalency Table, the 4,712 grams of heroin were converted to 4,712 kilograms of marijuana, and 500 grams of cocaine were converted to 100 kilograms of marijuana, for a total of 4,812 kilograms of marijuana. Id.; see USSG § 2D1.1 cmt. 8.

The Guidelines assign a base offence level of 34 for offenses involving at least 3,000 kilograms of marijuana but fewer than 10,000 kilograms of marijuana. USSG § 2D1.1(c)(3). In addition, based on Defendant's criminal history, the PSR found Defendant to be a Category III criminal. (Ex. D at 48.) Accordingly, the PSR recommended a range of 188 to 235 months imprisonment. Defendant was also subject to a statutory minimum sentence of 10 years imprisonment. 21 U.S.C. § 841(b)(1)(A).

At Defendant's first sentencing on March 9, 2004, Judge Charles F. Sifton approved the PSR's findings and sentencing calculations. (Ex. E at 4, 10.) Judge Sifton applied a downward departure from the Guidelines, noting that at the time of sentencing Defendant was 60 years old with a heart condition and he did not want to impose the equivalent of a life sentence. (Id. at 13.) Defendant ultimately was sentenced to 144 months imprisonment. (Id.)

Defendant appealed from his conviction, alleging procedural errors, a violation of his Sixth Amendment right to confront witnesses against him, and sentencing errors. United States v. Casiano, 133 F. App'x 791, 794-95 (2d Cir. 2005). The Second Circuit affirmed the conviction, but remanded the case to the district court for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Casiano, 133 F. App'x at 794-95. On November 30, 2005, Judge Sifton again sentenced Defendant to 144 months imprisonment. (J. as to Michael Casiano (Dkt. 313) at 2.)

2

On January 23, 2012, Defendant filed a pro se Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) asserting three grounds for further reduction of his sentence. First, Defendant claims that he is entitled to "a new presentencing report and/or hearing" because "the original [s]entence did not consider the crack/powder disparity—a disparity that Congress and the Sentencing Commission have repeatedly attempted to resolve." (Def. Mot. at 3-4.) Section 3582(c)(2) "permits a defendant who was sentenced to a term of imprisonment based on a Guidelines sentencing range that has subsequently been lowered by retroactive amendment to move for a sentence reduction." Freeman v. United States, 131 S. Ct. 2685, 2687. Citing to the Fair Sentencing Act of 2010 ("FSA"), which reduced the crack-cocaine to powder-cocaine ratio from 100:1 to 18:1, Defendant argues that his sentence must be reconsidered because he was convicted of conspiring to possess and distribute crack-cocaine. (Def. Mot. at 3-5.)

Second, Defendant claims that under Apprendi v. New Jersey, 530 U.S. 466 (2000), his sentence should be reexamined. (Id. at 1.) In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. 489-90. Defendant's motion states that post-Apprendi, the jury must find the identity and quantity of the substance beyond a reasonable doubt, and that in his case the jury merely found him guilty of a generalized controlled substance violation and did not find the specific quantity of the substances beyond a reasonable doubt. (Def. Mot. at 1-2.) In furtherance of this argument, on June 14, 2013, Defendant filed a "Judicial Notice" arguing that resentencing was also warranted under DePierre v. U.S., 131 S. Ct. 2225 (2011). (Judicial Not. (Dkt 542).)

Third, Defendant requests counsel to assist him in resentencing. (Def. Mot. at 7.)

## II. DISCUSSION

Defendant's motion was filed pursuant to 18 U.S.C. § 3582(c)(2), which provides that term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step inquiry to guide district courts in their consideration of § 3582(c)(2) motions. See Dillon v. United States, 560 U.S. 817, 825 (2010); see also United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). First, the district court must determine whether a defendant is "*eligible* for a reduction in sentence." Id. (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)) (internal quotation marks omitted). To be eligible, a defendant must have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Second, if a defendant is eligible for resentencing, the court will then consider whether any reduction is warranted. Id.

As a preliminary matter, Defendant is not eligible for resentencing. The jury convicted Defendant of conspiring to possess and distribute (a) fifty grams or more of cocaine base, (b) one kilogram or more of heroin, and (c) five kilograms or more of cocaine. (Ex. C at 1227-30; Ex. D at 4.) However, the PSR's Guidelines calculation was based *only* on its finding that Defendant was personally responsible for 4,712 grams of heroin and 500 grams of powder-cocaine. (Id. at 33-34, 37-38, 48.) Accordingly, Defendant was sentenced to 144 months imprisonment based on the heroin and powder-cocaine convictions, and not the cocaine base conviction. (Ex. E at 10-12.) The recalculation of cocaine base offenses in light of the FSA therefore, has no bearing on Defendant's sentence. Indeed, the PSR's finding on heroin alone, which converts to 4,712

4

kilograms of marijuana, would still result in a base offense level of 34 under the amended Guidelines. See USSG § 2D1.1 ("At least 3,000 KG but less than 10,000 KG of marijuana."). Because Defendant's current sentence of 144 months incarceration was not premised on a subsequently reduced sentencing range and is otherwise below the amended Guideline range, Defendant is ineligible for a further sentence reduction.

Second, the court finds Defendant's Apprendi claim is improper. (Def. Mot. at 1.) As the Second Circuit has explained, "[i]t is clear that the rule of Apprendi is not an amendment promulgated by the Sentencing Commission and thus cannot be considered an amendment for § 3582(c)(2) purposes. If we allowed a § 3582 motion for sentence reduction on Apprendi grounds, we would violate the letter and spirit of the statute." United States v. Carpenter, 396 F. App'x 743, 745 (2d Cir. 2010) (summary order) (citing United States v. Mock, 612 F.3d 133 (2d Cir. 2010)); see also United States v. Lafayette, 585 F.3d 435, 439 (D.C. Cir. 2009) ("[T]he proper vehicle for [defendants'] . . . Apprendi arguments is a petition under 28 U.S.C. § 2255."); United States v. McBride, 283 F.3d 612, 616 (3d Cir. 2002) (finding defendants' "Apprendi argument was independent of and unrelated to any change in the Guidelines and was, therefore, outside the scope of a sentence modification under § 3582"); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (observing that defendants' Apprendi challenge is "not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines").

Even if the court were to entertain Defendant's claim under Apprendi, it would be rejected on its merits. The jury in Defendant's case found beyond a reasonable doubt that Defendant was guilty of conspiring to possess and distribute at least one kilogram of heroin, five

5

kilograms of cocaine, and fifty grams of cocaine base.³ (Ex. D at 1227-30.) When the various drugs are converted under the Guidelines' Drug Equivalency Table, Defendant was convicted of possessing with the intent to distribute *at least* 2,178.55 kilograms of marijuana. USSG § 2D1.1. Thus, on the jury's findings alone, Defendant was subject to sentencing on a base offense level of 32. USSG § 2D1.1(c)(4) ("At least 1,000 KG but less than 3,000 KG of Marihuana"). Combined with Defendant's Category III criminal history, the Guidelines provide an applicable sentencing range of 151 to 188 months imprisonment—still above Defendant's 144-month sentence.

Third, the court denies Defendant's request for counsel in connection with this motion. As the Second Circuit stated in United States v. Cirineo, "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion." 372 F. App'x 178, 179-80 (2d Cir. 2010) (summary order) (citing United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995)). It is in the court's discretion whether to appoint counsel in connection with Defendant's § 3582 motion, and the "merits of the motion will be a significant factor in the exercise of that discretion." Reddick, 53 F.3d at 465 & n.2. Here, it is readily apparent from the undisputed record that Defendant's motion is without merit and the court thus finds it unnecessary to appoint counsel for Defendant. Cirineo, 372 F. App'x at 179-80 (affirming denial of counsel "where it was readily ascertainable from the record that [Defendant] was ineligible for a reduction in sentence").

---

³ Even Defendant's counsel declined to submit an Apprendi claim at the end of sentencing. (Ex. E at 4.)

6

## III. CONCLUSION

For the reasons set forth above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court, therefore, will not consider whether a reduction is warranted. See Dillon, 560 U.S. at 826. Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 11, 2014

NICHOLAS G. GARAUFIS
United States District Judge